CRICHTON, J., additionally concurs' and assigns reasons: hi agree with the Court’s decision to deny the defendant’s writ application and write separately to spotlight the very important constitutional issue regarding the invocation of counsel during a law enforcement interview. The defendant voluntarily agreed to be interviewed twice regarding his alleged sexual misconduct with minors. At both interviews detectives advised the defendant of his Miranda rights and the defendant stated he understood and waived those rights. Nonetheless, the defendant argues he invoked his right to counsel. And the basis for this comes from the second interview, where I believe the defendant ambiguously referenced a lawyer—prefacing, that statement with “if y’all, this is how I feel, if y’all think I did ⅛ I know, that I didn’t do it so why don’t you just give me a lawyer dog cause .this is not what’s up.’’ As this Court has written, “[i]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable police officer in light of the circumstances would have understood only that the suspect might be invoking his right to counsel, the cessation of questioning is not required.” State v. Payne, 2001-3196, p. 10 (La. 12/4/02), 833 So.2d 927, 935 (citations omitted and emphasis in original); see also Davis v. United States, 512 U.S. 452, 462, 114 S.Ct. 2350, 2357, 129 L.Ed.2d 362 (1994) (agreeing with the lower courts’ conclusion that the ^statement “[m]aybe I should talk to a lawyer” is not an unambiguous request for a lawyer). In my view, the defendant’s ambiguous and equivocal reference to a “lawyer dog” does not constitute an invocation of counsel that warrants termination of the interview and does not violate Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). HUGHES, J., would grant.